United States District Court
Southern District of Texas
**ENTERED**
January 03, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **ESTHER D. J.** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:20-CV-239** |
| § | |
| **KILOLO KIJAKAZI, ACTING** § | |
| **COMMISSIONER OF THE SOCIAL** § | |
| **SECURITY ADMINISTRATION,** § | |
| § | |
| **Defendant.** § | |

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Counsel's Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (West), (Dkt. No. 28), and Affirmation in Support of Motion for EAJA Fees, (Dkt. No. 29). Defendant does not oppose Plaintiff's counsel's request for attorney's fees. (Dkt. No. 31). For the reasons discussed below, the Undersigned recommends[1] that the motion for attorney's fees, (Dkt. No. 28), be granted.

Where a court has exercised judicial review over a claim under the Social Security Act, the Equal Access to Justice Act ("EAJA") awards attorney's fees to the prevailing party. 28 U.S.C. § 2412(d)(1)(A). Plaintiff Esther D. J. prevailed in this action inasmuch as the matter was remanded for further administrative proceedings pursuant to "sentence four" of 42 U.S.C. § 405(g). (Dkt. Nos. 26 and 27). Plaintiff is therefore considered a prevailing party for purposes of an attorney's fees award. *See Shalala v.*

---

[1] Rule 54 of the Federal Rules of Civil Procedure states, in relevant part, that a district court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D) (emphasis added). Additionally, courts have held that post-trial motions for attorney's fees are dispositive matters. *See Rajaratnam v. Moyer*, 47 F.3d 922, 923–25 (7th Cir. 1995) (holding magistrate lacked authority to enter final order on motion for EAJA attorney's fees); *Hamdan v. Tiger Bros. Food Mart Inc.*, No. CV 15-412-BAJ-EWD, 2018 WL 3029991, at *1 n.3 (M.D. La. May 22, 2018), R. & R. adopted, No. CV 15-00412-BAJ-EWD, 2018 WL 3028943 (M.D. La. June 18, 2018) (citing *Blair v. Sealift*, 848 F. Supp. 670, 679 (E.D. La. 1994)); see also Fed. R. Civ. P. 54 advisory comm. note to 1993 amend. ("This authorization eliminates any controversy as to whether … motions for attorney's fees can be treated as the equivalent of a dispositive pretrial matter … ."). Accordingly, the Undersigned issues the following Report and Recommendation for the consideration of the District Court.

*Schaefer*, 509 U.S. 292, 300 (1993) ("No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)).

The EAJA also requires that a party seeking an award of attorney's fees file her application within thirty days of the final judgment in an action. 28 U.S.C. § 2412(d)(1)(B). The Fifth Circuit has held that a party has thirty days after the sixty-day appeal period to seek an EAJA award of fees. *Murkeldove v. Astrue*, 635 F.3d 784, 792 (5th Cir. 2011). This thirty-day time limit is "strictly construed." *Clifton v. Heckler*, 755 F.2d 1138, 1144–45 (5th Cir. 1985). The Court reversed and remanded for further proceedings on August 19, 2022. (Dkt. No. 27). The sixty-day appeal period ended on October 18, 2022. No appeal was filed. Plaintiff's counsel filed this motion on November 1, 2022, within the thirty-day time limit. (Dkt. No. 28). Hence, the motion is timely.

Plaintiff's counsel seeks attorney's fees in the amount of $5,409.05 and expenses in the amount of $23.00. (Dkt. Nos. 28 at 1 and 29 at 3). Plaintiff filed documentation of legal services rendered to support the amount of fees and expenses requested. (Dkt. Nos. 29-2–6). Defendant is unopposed to the motion and the amounts requested therein. (Dkt. No. 31).

Plaintiff also filed an Affirmation and Waiver of Direct Payment of EAJA Fees, ostensibly in an effort to have any award made directly payable to Plaintiff's counsel, Melissa A. Palmer. (Dkt. No. 29-1). However, the Supreme Court has clarified that EAJA awards are payable to the *litigant* rather than their attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010); *Canales v. Saul*, No. 2:20-CV-00168, 2022 WL 1750634, at *2 (S.D. Tex. Apr. 21, 2022), *report and recommendation adopted*, No. 2:20-CV-00168, 2022 WL 1746998 (S.D. Tex. May 31, 2022). Thus, while Ms. Palmer "may have a beneficial interest or a contractual right" to any potential award of attorney's fees, the award itself must be paid to her client. *Astrue*, 560 U.S. at 593.

Based on the foregoing, the Undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Counsel's Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (West), (Dkt. No. 28). The Undersigned **RECOMMENDS** that the District Court award Plaintiff Esther D. J. reasonable attorney's fees in the amount of $5,409.05, and expenses in the amount of $23.00. The

Court **RECOMMENDS** that the award should be paid to Plaintiff in care of her attorney Melissa A. Palmer, at her law office address: Olinsky Law Group, 250 S Clinton St. Ste. 210, Syracuse, NY 13202.

## NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review de novo those portions of the Report or specified proposed findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. 28 U.S.C. § 636(b)(1)(C). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150. Failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice. *Douglass*, 79 F.3d at 1428.

**SIGNED** on January 3, 2023.

_____
John A. Kazen
United States Magistrate Judge